APPEAL,DJI,IFP,NPROSE

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:24−cv−06969−AMD−CLP

| | |
|---|---|
| Jordan v. NYC Department of Education et al<br>Assigned to: Judge Ann M. Donnelly<br>Referred to: Magistrate Judge Cheryl L. Pollak<br>related Case: 1:24−cv−07266−AMD−CLP<br>Cause: 42:2000 Job Discrimination (Age) | Date Filed: 10/02/2024<br>Jury Demand: Plaintiff<br>Nature of Suit: 442 Civil Rights: Jobs<br>Jurisdiction: Federal Question |

**Plaintiff**

**Victor Jordan**      represented by **Victor Jordan**
P.O. Box 7078
James A. Farley Building
New York, NY 10116−7078
PRO SE

V.

**Defendant**

**NYC Department of Education**      represented by **Sonya Gidumal Chazin**
The New York City Law Department
100 Church Street
Office 2−108
10007
New York, NY 10007
212−356−0890
Email: schazin@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Federation of Teachers**      represented by **Deena S. Mikhail**
New York United State United Teachers
Office of Robert T. Reilly
120 Broadway
Suite 1360
New York, NY 10231
518−868−1248
Email: deena.mikhail@nysut.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Teacher's Retirement System**      represented by **Sonya Gidumal Chazin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sandra March**      represented by **Deena S. Mikhail**
*UTF Representative, TRS Trustee in her*     (See above for address)
*indivdual and in her official capacity*      *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 10/02/2024 | 1 | COMPLAINT against Sandra March, NYC Department of Education, Teacher's Retirement System, United Federation of Teachers, filed by Victor Jordan. (Attachments: # 1 Civil Cover Sheet) (CV) (Entered: 10/02/2024) |
| 10/02/2024 | 2 | MOTION for Leave to Proceed in forma pauperis by Victor Jordan. (CV) (Entered: 10/02/2024) |
| 10/02/2024 | 3 | Unsigned Order to Show Cause by Victor Jordan (Attachments: # 1 Affidavit in Support) (CV) (Entered: 10/02/2024) |
| 10/02/2024 | 4 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: https://img.nyed.uscourts.gov/files/forms/MJConsentForm.pdf (CV) (Entered: 10/02/2024) |
| 10/07/2024 | | ORDER REASSIGNING CASE. Case reassigned to Judge Ann M. Donnelly and Magistrate Judge Cheryl L. Pollak for all further proceedings. Judge LaShann DeArcy Hall, Magistrate Judge James R. Cho no longer assigned to case Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such.Ordered by Chief Judge Margo K. Brodie on 10/7/2024. Motions referred to Cheryl L. Pollak. (CV) (Entered: 10/07/2024) |
| 10/15/2024 | 5 | ORDER. The Court has reviewed the plaintiff's request for emergency injunctive relief and finds that it does not meet the standard for a preliminary injunction. The plaintiff has not made a showing of irreparable harm, as the increased pension payments he seeks can "be remedied by an award of monetary damages." *Id.* Nor has the plaintiff demonstrated a likelihood of success on the merits. (See ECF No. 3 at 4.) Accordingly, the plaintiffs request for preliminary injunctive relief is denied. Separately, the plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. The Clerk of Court is respectfully directed to prepare a summons for the defendants, and the United States Marshals Service is respectfully directed to serve the summons and the complaint upon the defendants without prepayment of fees.The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff and to note the mailing on the docket. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212–382–4729, for free, confidential, limited–scope legal assistance. Ordered by Judge Ann M. Donnelly on 10/15/2024. (DG) (Entered: 10/15/2024) |
| 10/15/2024 | 6 | Summons Issued as to Sandra March, NYC Department of Education, Teacher's Retirement System, United Federation of Teachers. (ENE) (Entered: 10/15/2024) |
| 10/18/2024 | 7 | Letter dated 10/16/24 from Victor Jordan, plaintiff pro se inquiring as to why this case was reassigned from Judge DeArcy Hall to you; would like a copy of the rules that governs assignment and would like to know the procedure to challenge the reassignment. (RG) (Entered: 10/18/2024) |
| 10/25/2024 | | SCHEDULING ORDER: The Court has received the plaintiff's 7 letter regarding reassignment of his case. Pursuant to Rule 50.3.1(e) of the Guidelines for the Division of Business Among District Judges, "[c]ases which have been judicially determined to be related shall be assigned by the clerk to the judge to whom was assigned the case with the lowest docket number in the series of related cases... [i]n the interest of judicial economy, the following categories of civil cases shall be deemed to be 'related' without further order of the court... all pro se civil actions filed by the same individual." Challenges to the constitutionality of this practice have been rejected. *Brik v. Brodie*, No. 23–CV–4330, 2024 WL 1604194 (E.D.N.Y. Apr. 12, 2024). Six other federal district courts employ similar rules. *See Brik*, 2024 WL 1604194, at \*5. In at least three cases, the constitutionality of these rules has been upheld. *See* |

| | | |
|---|---|---|
| | | *Doyle v. Arete Fin. Grp. LLC*, 2022 WL 17253587, at *2 (D.N.J. Nov. 28, 2022); *Coulter v. Studeny*, 2012 WL 2830029, at *2 (W.D. Pa. July 10, 2012); *Sibley v. Obama*, 819 F. Supp. 2d 45, 51 (D.D.C. 2011).<br><br>To the extent the plaintiff seeks to challenge the assignment of his case pursuant to Rule 50.3.1(e), he may file a motion for recusal by November 22, 2024. Ordered by Judge Ann M. Donnelly on 10/25/2024. (CE) (Entered: 10/25/2024) |
| 11/04/2024 | 8 | First MOTION for Extension of Time to File Answer by NYC Department of Education. (Chazin, Sonya) (Entered: 11/04/2024) |
| 11/06/2024 | 9 | ORDER granting 8 Motion for Extension of Time to Answer. The Court grants defendant's request to extend the deadline to answer or otherwise respond to the Complaint to **January 14, 2025**. A copy of this Order will be mailed to the pro se plaintiff by the Court. So Ordered by Magistrate Judge Cheryl L. Pollak on 11/6/2024. (KCA) (Entered: 11/06/2024) |
| 11/13/2024 | 10 | SUMMONS Returned Executed by Victor Jordan. Sandra March served on 11/1/2024, answer due 11/22/2024; NYC Department of Education served on 10/24/2024, answer due 11/14/2024; Teacher's Retirement System served on 11/1/2024, answer due 11/22/2024; United Federation of Teachers served on 11/1/2024, answer due 11/22/2024. (VRM) (Entered: 11/14/2024) |
| 11/18/2024 | 11 | NOTICE of Appearance by Deena S. Mikhail on behalf of United Federation of Teachers, Sandra March (aty to be noticed) (Mikhail, Deena) (Entered: 11/18/2024) |
| 11/18/2024 | 12 | First MOTION for Extension of Time to File Response/Reply *to Complaint* by United Federation of Teachers, Sandra March. (Mikhail, Deena) (Entered: 11/18/2024) |
| 11/18/2024 | 13 | NOTICE OF INTERLOCUTORY APPEAL as to 5 Order on Motion for Leave to Proceed in forma pauperis, by Victor Jordan. (VJ) (Entered: 11/19/2024) |
| 11/19/2024 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 13 Notice of Interlocutory Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 11/19/2024) |
| 11/20/2024 | 14 | ORDER granting 12 Motion for Extension of Time. The Court grants defendants' request to extend the deadline to answer or otherwise respond to the Complaint to **January 21, 2025**. A copy of this Order will be mailed to the pro se plaintiff by the Court. So Ordered by Magistrate Judge Cheryl L. Pollak on 11/20/2024. (KCA) (Entered: 11/20/2024) |
| 01/10/2025 | 15 | Joint MOTION for Extension of Time to File Answer *or otherwise move* by NYC Department of Education, Teacher's Retirement System. (Chazin, Sonya) (Entered: 01/10/2025) |
| 01/13/2025 | 16 | ORDER granting 15 Motion for Extension of Time. The Court grants defendants' request to extend the deadline to answer or otherwise respond to the Complaint to **2/14/2025**. A copy of this Order will be mailed to the pro se plaintiff by the Court. So Ordered by Magistrate Judge Cheryl L. Pollak on 1/13/2025. (KCA) (Entered: 01/13/2025) |
| 02/14/2025 | 17 | First MOTION to Dismiss for Failure to State a Claim by United Federation of Teachers, Sandra March. (Attachments: # 1 Declaration In Support of Union's MTD, # 2 Memorandum in Support of Union's MTD, # 3 Affidavit service of papers and cases on Plaintiff) (Mikhail, Deena) (Entered: 02/14/2025) |
| 02/14/2025 | 18 | MOTION to Dismiss for Failure to State a Claim by NYC Department of Education, Teacher's Retirement System. (Attachments: # 1 Notice of Motion 12.1, # 2 Declaration Declaration of Sonya Gidumal Chazin, # 3 Exhibit A Right to Sue, # 4 Memorandum in Support Memo of Law, # 5 Certificate of Service Declaration of Service) (Chazin, Sonya) (Entered: 02/14/2025) |
| 02/14/2025 | | SCHEDULING ORDER: The Court has received the defendants' 17 , 18 motions to dismiss. The plaintiff will file and serve his response by March 14, 2025. The defendants will file and serve their reply memoranda, if any, by April 3, 2025. Ordered by Judge Ann M. Donnelly on 2/14/2025. (CE) (Entered: 02/14/2025) |

| | | |
|---|---|---|
| 02/20/2025 | 19 | MOTION to Continue *requesting additional time to retain counsel to be able to respond to the defendants' motion to dismiss* by Victor Jordan. (Attachments: # 1 Certificate of Service) (RG) (Entered: 02/24/2025) |
| 02/24/2025 | | ORDER granting 19 Motion for Extension of Time. The plaintiff is directed to file and serve his response to the defendants' 17 , 18 motions to dismiss by March 31, 2025. The defendants will file and serve their replies, if any, by April 14, 2025. The Court is unlikely to grant any further requests for adjournments. Ordered by Judge Ann M. Donnelly on 2/24/2025. (CE) (Entered: 02/24/2025) |
| 03/11/2025 | 20 | MOTION for Recusal *of Judge Donnelly from this case* by Victor Jordan. (RG) (Entered: 03/11/2025) |
| 03/12/2025 | | ORDER denying 20 Motion for Recusal. On March 11, 2025, the plaintiff moved for recusal, claiming that the Court cannot preside over his case because it may be improperly influenced by Judge Sylvia Hinds–Radix, who he alleges is biased against him. (ECF No. 20 at 8.) This motion is untimely and is in any event without merit.<br><br>In an October 18, 2024 letter, the plaintiff questioned the reassignment of his case to this Court and asked what "procedure [he] should follow to challenge the reassignment." (ECF No. 7.) On October 25, 2024, the Court explained that under Rule 50.3.1(e) of the Guidelines for the Division of Business Among District Judges, *pro se* civil actions filed by the same individual are "related" and will be assigned to the same district judge. (*ECF Order dated Oct. 25, 2024.*) The Court directed the plaintiff to file a motion for recusal, if any, no later than November 22, 2024. (*Id.*) The plaintiff did not do so, and, since then, the defendants have moved to the dismiss the case. (ECF Nos. 17, 18.) The plaintiff's response is due on March 31, 2025. (*ECF Order dated Feb. 24, 2025.*)<br><br>While *pro se* litigants are entitled to "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), they are still "required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted); *see also Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) ("[S]olicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules and mandatory deadlines. [The plaintiff] never requested more time, and the district court was not required to mind deadlines for him."). The plaintiff did not comply with the deadline to file a motion for recusal and has not explained his failure do so.<br><br>In any event, there is no basis for recusal. Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To establish a basis for recusal, "[m]ovants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citations and quotation marks omitted). The relevant question under § 455(a) is "whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." *United States v. Oluwafemi*, 883 F. Supp. 885, 890 (E.D.N.Y. 1995) (citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428–29 (2d Cir. 1988)).<br><br>The plaintiff claims that Judge Hinds–Radix was the undersigned's "boss" or "supervisor," and that there is a personal or professional relationship that warrants recusal. (ECF No. 20 at 5, 7.) Judge Hinds–Radix and the undersigned never served contemporaneously in the same court. Judge Hinds–Radix was the administrative judge for civil matters in the Second Judicial District until 2012, when she was appointed to the Appellate Division, Second Department. *See Hon. Sylvia O. Hinds–Radix*, JAMS, https://www.jamsadr.com/hinds/ (last visited Mar. 12, 2025). The undersigned was assigned to the Criminal Division in a different district until 2013. Moreover, the undersigned has never worked with Judge Hinds–Radix in any capacity, and has never had a personal or professional relationship with her. In short, these allegations do not give rise to "significant doubt that justice would be done absent recusal." *Oluwafemi*, 883 F. Supp. at 890 (citation omitted).<br><br>The plaintiff is reminded that his response to the defendants' motions to dismiss is due |

| | | |
|---|---|---|
| | | March 31, 2025. Ordered by Judge Ann M. Donnelly on 3/12/2025. (CE) (Entered: 03/12/2025) |
| 03/25/2025 | 21 | NOTICE OF INTERLOCUTORY APPEAL as to Order on Motion for Recusal, by Victor Jordan. (VJ) (Entered: 03/27/2025) |
| 03/27/2025 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 21 Notice of Interlocutory Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 03/27/2025) |